**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1.  **LINDA K. PRATER,  an individual,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No.  14-CV-673-CVE-PJC** |
| **v.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| 1.  **SH CCRC, LLC d/b/a Southern** ) | **ATTORNEY'S LIEN CLAIMED** |
| **Hills Retirement Community, a foreign** ) | **FOR THE FIRM** |
| **corporation;** ) | |
| 2. **M.P. TULSA, LLC d/b/a Southern** ) | |
| **Hills Rehabilitation Center; a foreign** ) | |
| **corporation;** ) | |
| 3.  **PEO MANAGEMENT GROUP d/b/a** ) | |
| **Southern Hills Retirement Community,** ) | |
| **a foreign corporation;** ) | |
| 4.  **CSI COMPANIES d/b/a Southern** ) | |
| **Hills Retirement Community, a foreign** ) | |
| **corporation;** ) | |
| 5.  **SOUTHERN HILLS RETIREMENT** ) | |
| **COMMUNITY, a foreign corporation;** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

The Plaintiff, Linda K. Prater, ("Plaintiff") by and through her attorney of record, Charles C. Vaught of *Armstrong & Vaught, P.L.C.* hereby submits her Complaint against the above-named Defendants and would allege and state as follows:

### STATEMENT OF JURISDICTION AND VENUE

1. This action arises under *29 U.S.C. § 623*, the Age Discrimination in Employment Act ("ADEA") and the common law of the State of Oklahoma.

2. Plaintiff is, and was at all times relevant hereto, a resident and citizen of the State of Oklahoma residing in Broken Arrow, Tulsa County, Oklahoma.

1

3.    Defendants are, and were at all times relevant to this cause of action, corporations doing business in, and with significant contacts to, the State of Oklahoma and maintain offices in Tulsa, Tulsa County, Oklahoma.

4.    The acts and/or omissions giving rise to this lawsuit occurred in Tulsa County, State of Oklahoma.

5.    Pursuant to *28 U.S.C. §1331* this Court has jurisdiction over the parties and the subject matter of this action, because this action arises under the Constitution and laws of the United States.

6.    Pursuant to *28 U.S.C. §1391(b)* this action properly lies in the Northern District of Oklahoma, because a substantial part of the events or omissions giving rise to this claim occurred in the Northern District of Oklahoma.

7.    Defendants are employers as defined by the ADEA.

8.    Plaintiff is an employee as defined by the ADEA.

9.    In compliance with *29 U.S.C. § 626*, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") within 90 days of the discriminatory acts complained of herein.  On February 14, 2014, the EEOC issued a Determination against Defendants, thus finding reasonable cause to believe that Plaintiff was subjected to discrimination during her employment with Defendants.  Plaintiff received a Right to Sue letter, a copy of which is attached hereto as Exhibit 1, from the EEOC on August 11, 2014.

**BACKGROUND FACTS RELEVANT TO THIS ACTION**

10.    At all times relevant to this action Plaintiff was employed full time as an employee of the Defendants.

11.    Plaintiff has been at all times relevant to this action over the age of forty (40).

12.    Plaintiff became employed full time with the Defendants in February of 2008 as the Marketing / Admissions Director at Defendants' nursing and rehabilitation center, Southern Hills Retirement Community, located at 5170 South Vandalia, Tulsa, Oklahoma 74135.

13.    During her employment, Plaintiff received paychecks from Defendant PEO Management Group and correspondence from Defendant CSI Companies.  The Oklahoma Secretary of State business entity registry does not contain entries for these companies.  Certain nursing home registries list Defendant SH CCRC, L.L.C. as the corporate owner of Southern Hills Retirement Community.  The Oklahoma Secretary of State lists Defendant M.P. Tulsa, LLC as the corporate owner for Southern Hills Rehabilitation Center, which is located at the same physical address upon which Plaintiff was employed and is where Defendant Southern Hills Retirement Community maintains its offices and nursing home.

14.    Plaintiff has successfully served as Defendants Marketing / Admissions Director and was consistently able to maintain acceptable patient census levels through appropriate marketing efforts during her employment.

15.    Plaintiff was never subjected to discipline or corrective action during her employment with Defendants and, instead, consistently received favorable reviews from management, compliments from the residents and family of the residents, as well as from her co-workers.

16.    In March of 2012, Patty Eisenmann, was hired as the new Administrator of Defendant Southern Hills Retirement Community.  Immediately upon taking office, Eisenmann advised Plaintiff that new admissions to the facility were being placed on hold until the facility was able to clear a follow-up survey related to the conditions of the facility.

3

17.   Approximately one week after Eisenmann took office, she introduced Plaintiff to her daughter, Angel, who was in her 20's at that time.   Shortly thereafter, Eisenmann began making negative comments about Plaintiff's age and the impact Eisenmann perceived Plaintiff's age had on obtaining new admissions to the facility.   These comments included the following, non-exhaustive list of relevant comments:

a.   Eisenmann advised Plaintiff that her daughter would be able to obtain admission referrals for the facility since she was younger;

b.   Eisenmann made comments to Plaintiff, as well as other staff members in Plaintiff's presence, that her daughter would be much better at obtaining admission referrals since she was younger;

c.   On approximately May 3, 2012, Eisenmann advised corporate representatives Cathy Leedy Cruttendon and Pat Foss, in front of Social Services Director Linda Williams, that her daughter could bring in more referrals from the doctors because she is younger than Plaintiff.   More specifically, Eisenmann stated that her daughter would "just wink at the doctors and toss her long black hair over her shoulder and they would give her all of their nursing home referrals."

18.   On May 4, 2012, Plaintiff was terminated by Eisenmann.   At the time of Plaintiff's termination, the facility's census was 94 and there were only 6 open beds to be filled.

19.   Immediately after Plaintiff's termination, Eisenmann hired her daughter, Angel, who is significantly younger than 40 years of age, to replace Plaintiff as Marketing / Admissions Director.

20.   Eisenmann's daughter was not qualified for the position, in that her past training and skills

4

have been related to working in spas and in the nail care field.  Plaintiff, on the other hand, had well-over a decade working in Marketing and Admissions for nursing facilities.

21.    No reason was given for Plaintiff's termination at the time she was terminated from employment.  However, Defendants have provided the pretextual reasons that Plaintiff was terminated due to "Lack of Work" and "Reorganization."  Alternatively, Defendants have stated that Plaintiff was not terminated from employment and that, instead, she resigned from her position.

22.    Plaintiff was discriminated against solely because of her age.

23.    Plaintiff was terminated and discharged from her employment solely because of her age.

24.    These events constitute a clear, substantial and egregious violation of *29 U.S.C. § 623*, which states that:

> It shall be unlawful for an employer to . . . discharge or otherwise discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age . . . .

25.    The events described herein were performed in such an extreme and outrageous manner that a reasonably prudent person would have known that emotional distress, physical abuse and bodily harm would result therefrom.

26.    As a result of the events described herein, Plaintiff was wrongfully discriminated against and terminated in violation of the laws of the United States and the common law of the State of Oklahoma.

**FIRST CLAIM FOR RELIEF**
**(DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 623 *et seq.*)**

27.     Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

28.     Defendants, as a result of the acts or omissions described above, have engaged willfully, knowingly, purposefully, and with specific intent in conduct to deprive Plaintiff of her rights of:

    a.      Freedom from discrimination based upon age;

    b.      Freedom not to have her status as an employee affected based on age;

    c.      Freedom not to have all privileges of employment infringed upon because of her age.

29.     All of these rights are secured to Plaintiff by the provisions of *29 U.S.C. § 623*.

30.     By virtue of the acts or omissions of Defendants, Defendants has violated *29 U.S.C. § 623*.

31.     As a result of the aforementioned violation, Defendants thereby injured Plaintiff, depriving her of her rights and privileges of employment because of her age.

    **WHEREFORE**, Plaintiff prays that the Defendants appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendants to be in violation of Plaintiff's rights; (2) enjoin the Defendants from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages; (4) order the Plaintiff reinstated to her former position; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

### SECOND CLAIM FOR RELIEF
### (WRONGFUL TERMINATION IN VIOLATION OF 29 U.S.C. § 623 *et seq.)*

32.     Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein

6

and would further state as follows:

33.     Defendants, as a result of the acts or omissions described above, have engaged willfully, knowingly, purposefully, and with specific intent in conduct to terminate and discharge Plaintiff solely because of her age.

34.     As a result of the aforementioned violation, Defendants thereby injured Plaintiff, depriving her of her rights and privileges of employment, because of her age.

        **WHEREFORE**, Plaintiff prays that the Defendants appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendants to be in violation of Plaintiff's rights; (2) enjoin the Defendants from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages; (4) order the Plaintiff reinstated to her former position; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

### THIRD CLAIM FOR RELIEF
### (NEGLIGENT SUPERVISION)

35.     Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

36.     By virtue of the fact that components of the age discrimination complained of herein occurred within the direct view of Defendants' corporate management employees, and Defendants' corporate agents and/or employees failed to take corrective action upon notice of Eisenmann's discriminatory behavior, Defendants were negligent in supervising Eisenmann.

37.     Plaintiff has suffered harm through her employment, and as a direct and proximate result of

the Defendant's failure to act upon notice of the age discrimination Plaintiff was subjected to.

38. Defendant knew or should have known that Defendant's agent and employee had a propensity for discriminating against older employees, as demonstrated by the observations of its management and/or supervisory employees.

39. At the time of the age discrimination and harassment, Defendants had reason to believe that Eisenmann would create an undue risk of harm to others as its corporate management had directly observed the discrimination at issue.

40. That Defendant failed to act upon this information to bring about an end to the age discrimination and harassment.

41. As a direct and proximate result of said actions by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

42. Defendants' actions were wilful and done with reckless indifference to Plaintiff's rights, thus warranting an award of punitive damages.

43. Plaintiff has been injured by this discrimination and harassment, and is entitled to compensatory and punitive damages and any other damages allowed under Oklahoma state law.

**WHEREFORE**, Plaintiff prays that the Defendants appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendants to be in violation of Plaintiff's rights; (2) enjoin the Defendants from engaging in such conduct; (3) enter a judgment for Plaintiff

in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages; (4) order the Plaintiff reinstated to her former position; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

### FOURTH CLAIM FOR RELIEF
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

44.     Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

45.     That Defendants have engaged willfully, knowingly, purposefully, and with specific intent in conduct to inflict emotional distress upon Plaintiff.

46.     Further, Defendants recklessly caused emotional distress to the Plaintiff knowing that there was a substantial probability that emotional distress to Plaintiff would result from its conduct, and the Defendants disregarded that probability.

47.     The aforementioned acts or omissions complained of did in fact inflict emotional distress upon the Plaintiff.

48.     As a result of Defendants's acts or omissions, Plaintiff has suffered, and continues to suffer pecuniary damages, such as costs and expenses of legal representation and other pecuniary and non-pecuniary damages, and is entitled to any and all damages allowed under applicable law.

**WHEREFORE**, Plaintiff prays that the Defendants appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendants to be in violation of Plaintiff's rights; (2) enjoin the Defendants from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, and attorney fees; and (4) grant Plaintiff

such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**


 */s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
2727 E. 21st Street, Suite 505
Tulsa, OK 74114
918-582-2500 (phone)
918-583-1755 (facsimile)
cvaught@a-vlaw.com
**Attorney for Plaintiff**